Sean M. Beach, Esq. (NJ Bar No. 026982000)
Justin P. Duda, Esq. (Admitted *Pro Hac Vice*)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  sbeach@ycst.com
Email:  jduda@ycst.com

*Counsel to the Plan Administrator*

**Order Filed on February 11, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| MEE Apparel LLC and MEE Direct LLC, | Case No. 14-16484-CMG |
| Reorganized Debtors. | Jointly Administered |

### CONSENT ORDER:  (I) CONVERTING CASES TO CHAPTER 7; (II) APPROVING THE RESIGNATION OF THE PLAN ADMINISTRATOR; (III) APPROVING THE PLAN ADMINISTRATOR PAYMENT; AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages numbered two (2) – four (4) and Exhibit A is hereby **ORDERED**.

**DATED: February 11, 2016**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

01:18142609.10

Upon consideration of *The Plan Administrator's Motion for Entry of an Order: (I) Authorizing an Interim Distribution, Estimating the 401(k) Claim, and Setting a Related Reserve; (II) Approving the Resignation of the Plan Administrator; (III) Compelling Payment of Fees and Expenses in Accordance with the Plan; and (IV) Granting Related Relief* (the "Motion")[1] filed by Sean M. Beach, as Plan Administrator (the "Plan Administrator") pursuant to *MEE Apparel LLC and MEE Direct LLC's Plan of Orderly Liquidation* [Docket No. 269] (the "Plan") filed by the above-captioned reorganized debtors (the "Debtors") and the Order [Docket No. 331] (the "Confirmation Order") confirming the Plan and the Office of the United States Trustee's (the "U.S. Trustee") objection to the Motion and Cross-Motion for entry of an order converting the Chapter 11 Cases to cases under Chapter 7 [Docket No. 545] (the "U.S. Trustee Cross-Motion"); and upon the consent and agreement of the Plan Administrator, the U.S. Trustee and Suchman; and the Court having jurisdiction to consider the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that adequate notice of the Motion has been given, and no other or further notice is necessary; and the Court having determined that the relief set forth below is in the best interests of the Debtors, their creditors and all parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby **ORDERED** as follows:

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:18142609.10

2

1. The Motion and the U.S. Trustee Cross-Motion are granted to the extent set forth below.

2. The Chapter 11 Cases are converted to Chapter 7.

3. As soon as reasonably practicable following the appointment of a Chapter 7 trustee (the "Chapter 7 Trustee") pursuant to this Order, the Plan Administrator is authorized and directed to issue a written direction to U.S. Bank pursuant to the Escrow Agreement directing the release of the escrowed $1 million of funds (the "Escrow Funds") to the Chapter 7 estate (the "Chapter 7 Estate") under the control of the Chapter 7 Trustee.[2]

4. Upon entry of this Order, the Plan Administrator and Young Conaway Stargatt & Taylor, LLP ("YCST") shall be deemed resigned from their roles and duties as Plan Administrator and counsel to the Plan Administrator in the Chapter 11 Cases, with no further obligations or duties other than as set forth in Paragraph 3 of this Order, provided that any indemnification, advancement rights and other limitation of liability previously provided or available to Mr. Sean M. Beach and YCST in their roles as Plan Administrator and counsel to the Plan Administrator shall survive and remain in full force and effect for acts taken prior to such resignation, including, but not limited to, the rights and protections set forth under section 4 of the Engagement Agreement, which section shall survive termination of the Engagement Agreement.

5. Suchman shall make or cause to be made an indefeasible payment of $25,000 (the "Plan Administrator Payment") to the Plan Administrator in full satisfaction of Suchman's obligations for the Plan Administrator's fees and expenses, including the fees and expenses of

---

[2] A copy of the Escrow Account statement for January 29, 2016 is attached hereto as Exhibit A.

01:18142609.10

3

YCST (collectively, the "Fees and Expenses"), that have accrued through the date of entry of this Order, which Plan Administrator Payment shall not be subject to setoff, avoidance or turnover.

6. The Plan Administrator and YCST fully reserve any and all rights and defenses with respect to unpaid or additional Fees and Expenses against all parties, including, but not limited to, the Chapter 7 Estate; provided, however, notwithstanding the foregoing or anything else to the contrary herein, except for the $25,000 Plan Administrator Payment expressly required by paragraph 5 above, neither the Plan Administrator nor YCST shall be entitled to seek recovery of any further Fees and Expenses from Suchman (and/or any of its affiliated entities and/or any owners, officers, agents and/or employees of Suchman and/or any such affiliated entities) and/or the Escrow Funds as such funds now exist and/or any time following transfer of same to the Chapter 7 Estate.

7. Suchman shall provide to the Chapter 7 Trustee a full financial report regarding Suchman's financial condition within 30 days following appointment of the Chapter 7 Trustee.

8. The Plan Administrator, the Chapter 7 Trustee and U.S. Trustee are authorized to take all actions necessary and appropriate to give effect to this Order.

9. The terms and conditions of this Order shall immediately be enforceable and effective upon its entry.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation and interpretation of this Order.

# **EXHIBIT A**

Escrow Account Statement

01:18142609.10

Document comparison by Workshare Compare on Wednesday, February 10, 2016 9:28:42 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/18142609/9 |
| Description | #18142609v9<YCST01> - MEE - Order - Interim Distribution Motion [Proposed Consent Order] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/18142609/10 |
| Description | #18142609v10<YCST01> - MEE - Conversion Order [Post Hearing Draft] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 6 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 13 |